UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE MEEKS, SYLVIA MEEKS,
GABRIELLE NEELY, MICHAEL MEEKS,
THOMAS PIATEK, DAVID STONE, JR.,

        Plaintiffs,

              v.                        CIVIL NO. 13-cv-11371
                                        HON. GERSHWIN A. DRAIN
                                   MAG. J. MICHAEL J. HLUCHANIUK

SANDRA LARSEN, LESLIE,
LARSEN, STEPHEN HAUG,
D. CHRISTOPHER ALLEN,

        Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
AMENDED COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

## I.    Introduction

Plaintiffs Eugene Meeks, Sylvia Meeks, Michael Meeks, Thomas Piatek ("Piatek") and

Gabrielle Neely initiated this 42. U.S.C. § 1983 action on March 27, 2013, and filed an Amended

Complaint with this Court on September 30, 2013.   The Amended Complaint added Plaintiff

David Stone, Jr. ("Stone").   Plaintiffs named Sandra Larsen ("S. Larsen"), Leslie Larsen ("L.

Larsen"), Christopher Allen ("Allen"), and Steven Haug ("Haug") as Defendants.[1]  *See* Dkt. #23.

---

[1] Pursuant to the Federal Employee Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679, the Court
Entered an order substituting the United States for Allen and L. Larsen for Counts 5, 11, 13, and 14

Plaintiffs did not challenge the substitution. The instant matter stems from the investigation of a militia group calling themselves the "Hutaree" and the subsequent execution of four search warrants on the Plaintiffs' homes.

On March 27, 2010, federal agents executed a search warrant on Plaintiffs' Eugene Meeks, Sylvia Meeks, and Gabrielle Neely's home. Agents searched the home of Plaintiff Thomas Piatek ("Piatek") on the same day. Agents searched the home of Michael Meeks on March 30, 2013. These searches were pursuant to warrants obtained as a result of the information of Defendant Steven Haug ("Haug") gained in his capacity as an undercover officer. Haug conveyed this information to Defendant Leslie Larsen ("L. Larsen"). L. Larsen used this information in her warrant affidavits in order to obtain the warrants that authorized the searches in question. Defendant Sandra Larsen ("S. Larsen") also used Haug's information to assist in obtaining the warrants. Defendant Christopher Allen ("Allen") was the lead officer of the team of officers that executed the warrants.

In their Amended Complaint, Plaintiffs argue Haug's information was false and misleading, he deliberately provided this information to L. Larsen, and L Larsen and S. Larsen deliberately or with reckless disregard for the truth used this information to obtain a probable cause determination for the search warrants. The Plaintiffs allege Defendants violated their First, Second, Fourth and Fifth Amendment rights in the execution of the search warrants. Plaintiffs also allege various tort claims against Defendants. The individual Defendants have moved for dismissal for Plaintiff's failure to state a claim for which relief can be granted. The United States moves for dismissal for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. The Court held a hearing on Defendants' Motions on Tuesday, February 18, 2014.

2

## II.     Factual Background

On March 23, 2010, a grand jury issued an indictment charging Plaintiffs David Stone, Jr. ("Stone"), Piatek, and Michael Meeks with various federal crimes. Defs.' Ex. 2. The indictment contained several counts. The most important count was Seditious Conspiracy, 18 U.S.C. § 2384.[2] The indictment alleged Plaintiffs are part of an anti-government militia group called the Hutaree. Magistrate Judge Virginia Morgan issued a search warrant for the home of Eugene Meeks, Sylvia Meeks, and Gabrielle Neely on the same day the grand jury issued its indictment. Judge Morgan also issued search warrants for the homes of Piatek and Stone on March 27, 2010. On March 30, 2010, Magistrate Judge Donald Scheer issued the search warrant for Michael Meeks' home. S. Larsen's affidavit was used to secure each of these warrants. Defs.' Ex. 10. The affidavit chronicled information the government received from confidential informants. *Id*. S. Larsen declared that evidence of seditious conspiracy, 18 U.S.C. § 2384, would likely be found at the addresses of Stone, Michael Meeks, and Piatek. *Id*. The warrants gave agents executing the search warrants the authority to search "for any and all records, documents, and materials pertaining to" seditious conspiracy and the other offenses. The list included computers, books, firearms munitions, and explosive materials.[3]

Eugene Meeks, Sylvia Meeks, and Gabrielle Neely were not charged in the indictment. Eugene and Sylvia are Michael Meeks' parents. Defs.' Ex. 9. Gabrielle Neely was in Eugene and Sylvia's home at the time of the search. Michael Meeks, Stone, and Piatek were charged in a federal criminal case ("Criminal Case") *United States of America v. Stone, et al*., No. 10-

---

[2] The remaining counts in the indictment included  Attempt  To Use Weapons of Mass Destruction, 18 U.S.C. § 2332a(a)(2); Teaching and/Demonstrating Use of Explosive Material, 18 U.S.C. § 842(p)(2); Carrying, Using, Possessing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924 (c)(1), and other offenses.
[3] A full list is attached to each warrant.

20123.   In the Criminal Case, the United States charged them with Seditious Conspiracy, Conspiracy to Use Weapons of Mass Destruction, and various firearm offenses.   According to S. Larsen's search warrant affidavit, Stone, Michael Meeks and Piatek planned to attack police officers with firearms and improvised explosive devises, also known as IEDs, in an effort to spark an uprising against the government.   Defs.' Ex. 10.   Defendants executed the warrants on March 27, 2010 and March 30, 2010.

During the Criminal Case, Piatek moved to quash the warrant that authorized the search of his home, challenging the existence of probable cause.   Defs.' Ex. 11.   Stone and Michael Meeks joined the Motion to Quash.   Stone also filed a Motion to Suppress Evidence.[4]   Defs.' Ex. 13.   Michael Meeks and Piatek joined Stone's Motion to Suppress as well.

Magistrate Judge Paul Komives issued a Report and Recommendation on the Motions. Defs.' Ex. 16.   Magistrate Judge Komives recommended that the court conclude the "affidavit on its face establishes probable cause …"   *Id*. at 18.   He also concluded Plaintiffs failed to show the need for a *Franks* hearing, and that the Motions to Suppress should be denied.   *Id*. at 27.   Judge Victoria Roberts adopted both recommendations after a *de novo* review.   Defs.' Ex. 17.   Judge Roberts held there was a "sufficient nexus between the places to be searched and the evidence of the crime to provide probable cause to issue the warrants."   *Id*. at 2.   She also held that Plaintiffs had not established that the warrants contained deliberately or recklessly false material statements or omissions. *Id*.   The Motions to Quash and Suppress were denied.   The court in the Criminal case, however, issued an Order stating that statute of limitations for Plaintiff's Stone, Piatek, and Michael Meeks was tolled for the Purposes of the Federal Tort Claims Act.[5]   *See*

---

[4] These Motions are also called *Franks* Motions.  *Franks v. Delaware*, 438 U.S. 154 (1978).
[5] Although this negates the government's tolling argument against Stone, these claims still fail under qualified immunity.  Plaintiffs effected by this order, however, still have a right to bring these claims.

Defs.' Ex. 17.  In the Criminal Case, Plaintiffs successfully moved for a Judgment of Acquittal and the charges were dismissed.  Pls.' Ex. 1.

### III.    Law and Analysis

#### A.  Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows the court to dismiss a complaint if it lacks subject matter jurisdiction over the claims therein.  On a 12(b)(1) motion, the plaintiff has the burden of proving jurisdiction.  *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Rogers v. Stratton Indus.*, *Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  Motions under Rule 12(b)(1) are either facial attacks or factual attacks.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack challenges the pleading itself. When presented with a facial attack, the court takes all material allegations in the complaint as true and construes them in a light most favorable to the nonmovant.  *Id*.  The factual attack, however, challenges the factual existence of subject matter jurisdiction.  *Id*.  The court does not presume the truth of the complaint's allegations, and is free to "weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Id*.  The United States' Motion is a factual attack.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atl. Corp. v. Twombly*, the court must construe the complaint in favor of the plaintiff, accept

5

the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id*.  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

When deciding a motion under Rule 12(b)(6), the court can take into account matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).  The court can properly treat documents the defendant attaches to its motion as pleadings if those documents are central to the plaintiffs complaint and its claims.  *Werner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).

### B.  Defendants' Motions

#### i.    Defendant United States' Motion

The United State moved for dismissal under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  The United States argues Plaintiffs have failed to exhaust administrative remedies, therefore, the Court does not have subject matter jurisdiction over their claims, and their claims are subject to dismissal.  Plaintiffs failed to respond to this motion.  As such, they have waived their claims asserted against the United States.  See Humphrey v. United States AG

Office, 279 F.app'x 321, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of failure to oppose defendant's motion to dismiss, the arguments have been waived.")

After substitution of the United States for Allen and L. Larsen, the Plaintiffs' claims of trespass to chattels (Counts 5 and 11), false arrest (count 13), and false imprisonment (Count 14) arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) & §§ 2671-2680.  The FTCA is a limited waiver of sovereign immunity that allows plaintiffs to bring tort claims against the United States, its agencies, and employees.  *See* § 1346(b); §§ 2671-2680; *Smith v. United States*, 507 U.S. 197, 203-04 (1993).  Courts must construe the requirements of the FTCA strictly because it is a waiver of sovereign immunity.  *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002).  Congress listed the requirements for waiver of sovereign immunity in the FTCA, and exhaustion of administrative remedies is one of the requirements Congress placed in the act.  *So. Rehab. Group, P.L.L.C. v. Sec'y of Health and Human Servs*., 732 F.3d 670, 676-77 (6th Cir. 2013).  Congress has explicitly stated:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property … caused by the negligent or wrongful act or omission of an employee of the [United States] while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]

28 U.S. C. § 2675(a).  The text of the FTCA makes it clear that claimants must bring their claim to the appropriate federal agency, and the agency must make a final determination in writing denying the claim before the claimant can bring the claim in district court.  *McNeil v. United States*, 508 U.S. 106, 107 (1993).  Section 2675(a) shows Congress' intention for exhaustion of administrative remedies "before invocation of the judicial process."  *Id*. at 112.

7

Moreover, the FTCA "forever bar[s]" claims if the claimant does not bring them to the appropriate agency within two years after the claim accrues. § 2401(b). The claim accrues when the plaintiff knows, or in the exercise of reasonable diligence should have known he was injured and knew the cause of the injury. *United States v. Kubrick*, 444 U.S. 11, 121-24 (1979); *see also Hertz v. United States*, 560 F.3d 618-19 (6th Cir. 2009) (stating the general rule that tort claims accrue at the time of injury).

Plaintiffs Eugene Meeks, Sylvia Meeks, and Gabrielle Neely's home, located 13531 Bemis Road Manchester, Michigan, was searched on March 27, 2010. They were not charged in the indictment, but their address is listed in the search warrant affidavit of S. Larsen as "the Meeks residence" because it is listed on Plaintiff Michael Meeks' driver's license. Defs.' Ex. 9. Officers executing the search warrant at the Bemis road residence seized seventeen items that were related to the indictment's seditious conspiracy and other counts.

None of the residents of the Bemis road residence filed an administrative claim with the FBI for the return of their property. The United States has supplied a declaration stating there has been no administrative tort claim filed with the Federal Bureau of Investigation. Def. U.S. Ex. 5. They were not a party to the 41(g) Motion in the Criminal Case. A final administrative ruling is a condition precedent to bringing a FTCA claim in federal court. *See McNeil*, 508 U.S. at 112. Moreover, the statute of limitations has run on the cause of action. Eugene and Sylvia Meeks and Gabrielle Neely had until March 27, 2012 to bring a tort claim at the Federal Bureau of Investigation ("FBI"). Their failure to do so results in this Court not having subject matter jurisdiction over their claim. Therefore, the Court will DISMISS Count 5.

Plaintiffs Michael Meeks and Piatek allege trespass to chattels in Count 11, false imprisonment in Count 13, and false arrest in Count 14. Michael Meeks and Piatek similarly

8

failed to first bring an administrative tort claim with the FBI for their trespass to chattels claim. *See* Def. U.S. Ex. 5. Therefore, this Court lacks subject matter jurisdiction over this claim. Therefore, the Court will DISMISS Count 11 for lack of subject matter jurisdiction.

Plaintiffs' false imprisonment and false arrest claims are exempted from the FTCA because the court in the Criminal Case determined the officers acted pursuant to valid arrest warrants. *See* § 2680(h); *see also Williams v. United States*, 54 F. App'x 290, 291 (10th Cir. 2002) (holding section 2680(h) bars a cause of action against the United States "arising out of … false imprisonment [or] false arrest[.]").

This section of the act exempts these torts when officers are acting lawfully, i.e. pursuant to a valid search warrant. *Id*. The Court will DISMISS counts 13 and 14 because the officers were acting lawfully.

### ii.    Individual Defendants' Motion

The individual Defendants argue the remainder of the Amended Complaint fails to state a claim upon which relief can be granted. The remaining claims argue a variety of constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are judicially created causes of action for damages against an individual for violation of a plaintiff's constitutional rights. *Bivens, 403 U.S. at* 403. In *Bivens*, the Supreme Court held that a plaintiff can recover damages from federal agents for injuries that violate the Fourth Amendment. *Id*. at 396-97. *Bivens* actions have also been extended to Fifth Amendment violations as well. *See Davis v. Passman*, 442 U.S. 228, 234 (1979). Courts are cautioned against expanding *Bivens* to other constitutional violations when there is a existing remedy under the Constitution that is equally effective at vindicating constitutional rights. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007).

9

The Individual Defendants argue the Plaintiffs' claims are barred by the statute of limitations, qualified immunity, and collateral estoppel.  There is no federal statute of limitations for *Bivens* actions, thus, courts apply the statute of limitations for personal torts in the state where the claim arose.  *Hardin v. Straub*, 490 U.S. 536, 538 (1989).

Collateral estoppel or issue preclusion is a doctrine that applies when an issue has been decided by a court of competent jurisdiction, making that decision conclusive in subsequent legal action involving that same issue.  *Montana v. United States*, 440 U.S. 147, 153 (1979).  The doctrine applies when:  (1) the precise issue has been raised and actually litigated in the prior proceedings, (2) the determination of the issue must have been necessary to the outcome of the prior proceedings, (3) the prior proceedings must have resulted in a final judgment on the merits, and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.  *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 590 (6th Cir. 2009).

Qualified immunity is a defense government officials can raise when claims arise from the performance of their discretionary functions.  *Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1999).  The doctrine provides government officials with immunity from personal civil liability as long as their "actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Sutherland v. Mizer*, 625 F. Supp.2d 492, 498 (E.D. Mich. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982)).  Protection under qualified immunity turns on the "objective legal reasonableness" of the officers' actions in light of legal rules established at the time of their action.  *Id*.  Therefore, government officials are not personally liable if they act under an objectively reasonable belief that their actions are lawful. *Ahlers v. Schebil*, 188 F.3d 365, 372-73 (6th Cir. 1999).  Even though the government official

must plead this as a defense, the plaintiff must show the government official cannot use this doctrine as a defense to their actions. *Blake*, 179. F.3d at 107.

The Court can best analyze the Plaintiffs' claims by grouping the claims by issue. The Plaintiffs argue the search warrants were defective and lacked probable cause, which violated each Plaintiffs' Fourth Amendment rights. They also argue the seizure of their firearms constituted a Second Amendment violation, the  seizure of their Bibles was a First Amendment violation, and the initiation of criminal proceedings violated their Fifth Amendment rights.

### a.  Malicious Prosecution

In Counts 12 and 16, Michael Meeks, Piatek, and Stone allege malicious prosecution claims against L. Larsen. A valid malicious prosecution claim must state facts that show there was no probable cause to justify the plaintiff's arrest or prosecution. *See Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003); *see also Oatman v. Potter*, 92 F. App'x. 133, 142 (6th Cir. 2004). An indictment is prima facie evidence of probable cause. *Harris v. United States*, 422 F.3d 322, 327 (6th Cir. 2005). The statute of limitations in Michigan for the tort of malicious prosecution is two years. MICH. COMP. LAWS § 600.5805(5) (2013). All other personal injury torts have a three year statute of limitations under Michigan law. *Id.* at (10). Plaintiffs argue L. Larsen caused the grand jury investigation through her use of illegally seized evidence and information, and they argue the grand jury proceedings lack probable cause. Plaintiffs argue there was no probable cause for their subsequent criminal prosecution as well. The statute of limitations on a constitutional malicious prosecution claim begins to run after dismissal of criminal charges or the termination of criminal proceedings in the plaintiff's favor. *Wolfe v. Perry*, 412 F.3d 707, 715 (6th Cir. 2005).

The Criminal Case ended in a Judgment of Acquittal on March 27, 2012.  On that day, the statute of limitations for these Plaintiffs' malicious prosecution claim began to run.  Thus the statute of limitations expires on March 27, 2014, and their claim is timely.  However, Michael Meeks, Piatek and Stone fail to state a claim for which relief can be granted because they cannot demonstrate an absence probable cause with respect to their arrest and subsequent prosecution.  They were indicted on several counts.  Moreover, they have failed to come forward with "substantial evidence" such as proof of perjured grand jury testimony to rebut the presumption of probable cause established by the indictment.  *See Harris*, 422 F.3d at 327.

Additionally, Plaintiffs have already litigated this issue in the criminal case.  Stone, along with Meeks and Piatek, filed motions challenging the search warrants in their Criminal Case.  Defs.' Ex. 16.  The trial court ultimately denied their  motions because there was probable cause for the search of the Plaintiffs' residences, and the warrants' affidavits did not contain deliberately or recklessly false material misstatements or omissions.  Defs.' Ex. 17.  As such, the parties have litigated this issue in a prior proceeding, its determination was necessary to the disposition of the case, the proceeding terminated in Plaintiffs' favor, and the parties extensively briefed and litigated this issue.  Cobbins, 566 F.3d at 590.  Therefore, collateral estoppel also prevents them from arguing this issue again.  For the foregoing reasons, Court will DISMISSES Counts 12 and 16 for malicious prosecution.

### b. Unreasonable Search and Seizure in Violation of the Fourth Amendment

The majority of the Plaintiffs' claims are asserted against Defendants based on the search of their respective homes.[6]  They argue Allen did not have probable cause to conduct the searches.  Probable cause for a search exists when in the totality of the circumstances, there is a

---

[6] The Fourth Amendment claims are Counts: 1,3,7,9 and 17

"fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1981)).  L. Larsen made statements in an affidavit that a magistrate judge reviewed and relied upon in determining that probable cause existed to justify the searches.  The issuing judge may rely on an experienced officer's conclusions regarding the existence of evidence of a crime and the likelihood it will be found in certain locations.  *United States v. Rodrieguez-Suazo*, 346 F.3d 637, 644 (6th Cir. 2003).  The court in the Criminal Case owed deference to the magistrate judge that made the determination that there was probable cause for the search warrant. *Gates*, 462 U.S. at 236.  A Fourth Amendment challenge to a magistrate judge's probable cause determination fails if the magistrate judge had a "substantial basis for . . . conclud[ing] that a search would uncover evidence of wrong doing."  *United States v. Frechette*, 583 F.3d 374, 379 (6th Cir. 2009).

After applying these standards, Magistrate Judge Komives concluded the issuing magistrate judge correctly concluded evidence of seditious conspiracy would likely be found in the homes of Michael Meeks, Stone and Piatek.  Defs.' Ex. 16.

Plaintiffs Stone, Meeks, and Piatek also filed a *Franks* Motion in which they argued the warrant affidavit contained material misstatements or omissions, and the items found pursuant to the warrant should be suppressed.  To succeed on this motion, the defendant in the criminal case needs to establish: (1) "a factual statement made in an affidavit supporting a warrant is false; (2) the affiant made the false statement knowingly and intentionally or with reckless disregard for the truth; and (3) without the false statements, the remainder of the affidavit is insufficient to establish probable cause."  *Delta Eng'g v. United States*, 41 F.3d 259, 262 (6th Cir. 1994). *Franks* requires the party challenging the affidavit to "point out specifically the portion of the

13

warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons." *Franks*, 438 U.S. at 171-72.  Magistrate Judge Komives found many of the challenged statements were not false and the *Franks* hearing was unnecessary.  Defs.' Ex. 16. Judge Victoria Roberts adopted Judge Komives' findings of fact and conclusions of law on both of these issues.  Defs.' Ex. 17.  Whether there was probable cause for the search, arrest, and prosecution of Michael Meeks, Piatek and Stone was an issue raised in the Criminal Case.  For the reasons explained in the analysis of Plaintiffs' malicious prosecution claim, collateral estoppel prevents Michael Meeks, Piatek and Stone from relitigating this claim.

In addition to collateral estoppel, the statute of limitations bars this claim as well. Although federal courts borrow state statute of limitations, federal law governs when a *Bivens* claim accrues.  *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages.  *Wallace v. Kato*, 549 U.S. 384, 391 (U.S. 2007). The Sixth Circuit has found that generally the statute of limitations begins to run at the time of the illegal search.  *Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008); *see also Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) (finding that the statute of limitations on a  Fourth Amendment illegal search claim begins to run on the day of the search).  In Michigan, personal injury torts have a three year statute of limitations.  MICH. COMP. LAWS § 600.5805 (10) (2013).  As such, Plaintiffs should have filed the instant action on March 27, 2013, or threes year after the execution of the search.  However Plaintiffs did not file their claims until September 30, 2013.  Moreover, in the absence of a criminal conviction, Stone, as well as Piatek and Michael Meeks, cannot avail themselves of the *Heck* rule, which would toll the statute of limitation on their claim.  *Wallace*, 549 U.S. at 393, *see Heck v. Humphrey*, 512 U.S. 477 (1994) (holding

14

accrual of a Fourth Amendment claim under § 1983 does not occur until the state drops pending criminal charges or a criminal conviction is overturned).  Furthermore, a timely filed civil case could have been stayed during the criminal proceedings.  *Wallace*, 549 U.S. at 393.  For the foregoing reasons, Plaintiffs Stone, Piatek, and Michael Meeks' Fourth Amendment claims, Counts 7, 9, and 17, are DISMISSED.

The Fourth Amendment claims of Eugene Meeks, Sylvia Meeks and Gabrielle Neely in Counts 1 and 3 require a different analysis because they were not indicted and did not file a Rule 41(g) Motion for Return of Property.  Agents searched their home on March 27, 2010.  The statute of limitations on their Fourth Amendment claim began to run that day.  These Plaintiffs cite no applicable tolling rule for their claims.  The statute of limitations on this claim expired on March 27, 2013.  Their claim is time barred.  Therefore, the Court also DISMISSES Counts 1 and 3.

### c.  First Amendment Violation

In the search of Stone's home, agents seized three copies of the Holy Bible.[7]  Stone argues this seizure violated his First Amendment right of free exercise.  He argues a reasonable officer would not have believed it was lawful to seize a person's Bible.  The Defendants argue this claim is barred by the statute of limitations.

The search of Stone's property occurred on March 27, 2010, and was pursuant to a validly issued warrant that contained no falsehoods or material omissions.  The warrant indicated evidence and instrumentalities of seditious conspiracy would be in Stone's home.  The warrant authorized the seizure of any and all firearms and books.  This includes the Bible.  For reasons stated earlier in this Order, this claim is time barred.  *See Harper*, F. App'x 389 at 392 n.1.

---

[7] Text widely used by Christians containing the tenants of the various subsets of Christianity.

For reasons stated earlier in this opinion qualified immunity and estoppel apply to the Defendants' actions. Furthermore, *Bivens* does not apply to First Amendment claims. *See Patel v. U.S. Bureau of Prisons, 515 U.S. at 813 n. 6*; see *also Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). For the foregoing reasons, Count 18 is Dismissed.

### d.  Second Amendment Violations

In Counts 2 and 8 of the Amended Complaint, Eugene Meeks, Sylvia Meeks, Gabrielle Neely, Michael Meeks and Piatek allege interference with their Second Amendment right to bear arms. This claim argues *Bivens* protection should be extended to the Second Amendment. The Supreme Court has instructed lower courts to be reluctant to expand *Bivens* relief. *Wilkie*, 551 U.S. at 550. The *Bivens* remedy is appropriate when there is no "alternative existing process for protecting" the constitutional interest at issue, and special factors counseling against expansion of a judicially created remedy are absent. *Id*. Special factors generally include the presence of another remedial process or the distinction between a lack of a remedy and awarding monetary damages from an individual officer for an alleged injury. *Giesse v. Sec'y of Health & Human Serv*., 552 F.3d 697, 707-08 (6th Cir. 2008). Even incomplete relief under a statute is sufficient to prevent extending the *Bivens* remedy. *Id*.

The government argues special factors counsel against extending the *Bivens* remedy. Plaintiffs Michael Meeks and Piatek filed a 41(g) Motion for Return of Property in the Criminal Case. Michael Meeks and Piatek availed themselves to this method of recovery. Given this alternative, the Court will not extend *Bivens* to Defendants' actions in the seizure of the Plaintiff's firearms.

Defendants also argue qualified immunity applies to the seizure because a reasonable officer would not have known seizing firearms pursuant to a valid search warrant was a violation

16

of the Second Amendment.  The legal contours of an individual's  Second Amendment rights are not clearly defined.  *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008); *see also United States v. Masciandaro*, 638 F.3d 458, 475 (4th Cir. 2011) (discussing dilemma faced by lower courts on how far to extend the holding in *Heller*).  In the absence of a clearly established right, an officer is not aware of any illegal conduct on their part.  *Sutherland*, 625 F.Supp.2d at 498 (E.D. Mich. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982)).  *See Doutel v. City of Norwalk*, 3:11-cv-01164; 2013 WL 3353977 *25 (D. Conn. July 3, 2013) (holding in the absence of controlling authority recognizing a Second Amendment violation for the seizure by law enforcement officials of a particular firearm, qualified immunity applies).  According to the Defendants, Plaintiffs still could have owned and used firearms, and they have failed to plead any facts that the agents took steps to prevent the exercise of their right to bear arms.  Defs.' Mot. at 25.   Therefore, Plaintiffs have failed to state a claim, and Counts 2 and 8 are DISMISSED

### e.  Substantive Due Process Violations

Counts 4 and 10 allege Defendant S. Larsen used Defendant Haug's "false and misleading statements" in her search warrant affidavit.  This led to an investigation and trial in violation of Plaintiffs' "substantive due process rights … pursuant to the Fifth Amendment."

Courts are reluctant to expand the concept of substantive due process.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992); *see also Albright v. Oliver*, 510 U.S. 266, 273,275-76, 281 (1994).   If a specific amendment offers "an explicit textual source of constitutional protection" against government behavior, that amendment will guide the analysis of the claim rather than substantive due process.  *Albright*, 510 U.S. at 273.

17

The Fifth Amendment has no standard for the initiation of a criminal prosecution. *Albright*, 510 U.S. at 282 (Kennedy, J. and Thomas, J., concurring).  An indictment issued by a legally constituted grand jury is sufficient to warrant a trial of the charges on the merits.  *Id*. Plaintiffs Michael Meeks and Piatek were charged with offenses in a lawfully issued indictment. After motions for a Franks hearing, to Quash Search Warrants, and to Suppress Evidence, the court in the Criminal Case found no deficiencies in the search warrant affidavits.  In the absence of false or misleading statements, the court concluded the agents violated no rights.

In an action against an officer for a constitutional violation, the Fourth Amendment provides the plaintiff with a remedy, and the Court does not need to apply a substantive due process analysis.  *See Id.* at 271 (holding a plaintiff's remedy in a §1983 claim  is a vehicle for defending federal rights conferred elsewhere); *see also Butz v. Economou,* 438 U.S. 478, 499 (1978) (stating the legal framework of §1983 applies to *Bivens* actions).  The Fourth Amendment provides Plaintiffs with a method to vindicate their constitutional rights and there is no standard for instituting proceedings under the Fifth Amendment.   Plaintiffs concede Count 4 cannot proceed as pled, but ask the Court to grant leave to amend.  The Court agrees that the count cannot proceed and does not see a reason to allow plaintiffs to amend the count.   For the foregoing reasons, the Court DISMISSES Counts 10 and 4.

The remaining counts, 6, 15, and 19 are for exemplary damages.  According to Plaintiffs, these claims are derivative of the alleged constitutional violations.   The Court finds no constitutional violations, therefore, the Court DISMISSES Counts 6, 15, and 19.

**IV.    Conclusion**

For the foregoing reasons, the United States' and the Individual Defendants' Motions to Dismiss [#24, #25] are GRANTED.   The First Amended Complaint is DISMISSED in its entirety.

SO ORDERED.

Dated:  February 28, 2014                          s/Gershwin A. Drain
          Detroit, Michigan                          GERSHWIN A. DRAIN
                                                     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2014.

                                                     s/Tanya R. Bankston
                                                     TANYA R.BANKSTON
                                                     Case Manager

19